NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHUFANG XIE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-103

Agency No.
A206-585-863

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2023[**]
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and ANTOON, District
Judge.[***]

Shufang Xie, a native and citizen of China, petitions for review of a

Board of Immigration Appeals (BIA) decision dismissing her appeal of an

Immigration Judge (IJ) order finding Xie not credible and denying her

---

[*]     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). When, as here, the BIA adopts and affirms the IJ's decision pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994), we review the IJ's order as if it were that of the BIA. *See Kwong v. Holder*, 671 F.3d 872, 876 (9th Cir. 2011). We review the denial of asylum and withholding of removal for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the agency's adverse credibility finding and thus its denial of asylum and withholding of removal. To support an adverse credibility determination, "[t]he [agency] must have a legitimate articulable basis to question the petitioner's credibility, and must offer a specific, cogent reason for any stated disbelief." *Martinez v. Holder*, 557 F.3d 1059, 1060 (9th Cir. 2009) (quoting *Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir. 2001)). "There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination . . . ." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). Instead, this court looks to "the totality of the circumstances and all relevant factors." *Id.* (citation, alteration, and quotation marks omitted).

One potential basis for an adverse credibility ruling is unexplained and

substantial similarities between the petitioner's proffered evidence and evidence submitted in unrelated proceedings. "Significant similarities between statements submitted by applicants in different proceedings can be considered by an Immigration Judge in making an adverse credibility determination if certain procedural steps are undertaken to preserve the fairness of the proceedings." *Matter of R-K-K-*, 26 I. & N. Dec. 658, 658 (BIA 2015). Here, during her merits hearing, Xie received notice of the identified similarities, including verbatim phrasing and typos, between her declaration and those of other applicants. Xie then had the opportunity to explain the similarities, and the IJ ruled based on the totality of the circumstances.

Contrary to Xie's assertions, the IJ did not impermissibly rely on "conjecture" when he compared the English translation of Xie's declaration, which she submitted with her original asylum application, with the declarations from applicants in other proceedings. Xie does not dispute that there were numerous similarities in phrasing and word choice between her declaration and those that other applicants submitted.

Xie argues that similarities between translations are inadequate to support an adverse credibility finding because words can be translated in different ways. But the fact that translations of a text may vary in their phrasing arguably makes it even less likely that translators would coincidentally translate declarations from different applicants using the same verbatim language and typos. Moreover, Xie herself affirmed that the first translation of her declaration was

"true, correct, and accurate", and the IJ could thus reasonably decide not to consider Xie's second translation. In addition, when given the chance to obtain evidence from the original translator, Xie was unable to do so. Under the circumstances, the record does not compel a finding that Xie was credible.

Xie does not appear to argue that in the absence of credible testimony, she presented adequate evidence to demonstrate eligibility for asylum or withholding of removal. Any argument to that effect is thus waived. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (matters not raised in opening brief are waived). Regardless, substantial evidence supports the IJ's decision that Xie did not establish eligibility for asylum or withholding. The IJ offered valid reasons for discounting Xie's other evidence, especially in view of Xie's past fraud in the visa process.

2. Before the BIA, Xie did not meaningfully challenge the IJ's denial of CAT protection, and the BIA thus found that Xie waived her CAT claim. Xie does not challenge that determination in her opening brief. The CAT claim is therefore waived. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (issues not raised in opening brief are waived).

**PETITION DENIED.**